IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DAVID H. BROWN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civ. A. No. 04-1209-GMS |
| | ) | Cr. A. No. 01-65-1-GMS |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM OPINION**

———————————

David H. Brown. *Pro se* petitioner.

Keith M. Rosen, Assistant United States Attorney, United States Department of Justice, Wilmington, Delaware. Attorney for Respondent.

———————————

, 2006
Wilmington, Delaware

SLEET, District Judge

## I.   INTRODUCTION

Petitioner David H. Brown, II ("Brown") filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. (D.I. 130.) The Government filed its answer in opposition. (D.I. 135.) For the reasons discussed, the court will deny Brown's § 2255 motion without holding an evidentiary hearing.

## II.   PROCEDURAL AND FACTUAL BACKGROUND

On May 28, 2002, a federal jury convicted Brown of one count of conspiracy to commit mail fraud (18 U.S.C. § 371), two counts of mail fraud (18 U.S.C. § 1341), one count of money laundering (18 U.S.C. § 1956(a)(1)(B)(I), and one count of conspiracy to commit money laundering (18 U.S.C. § 1956(h)). The court sentenced Brown to five concurrent terms of 41 months imprisonment, followed by three years of supervised release, along with a special assessment and restitution. The Third Circuit Court of Appeals affirmed Brown's conviction and sentence. *United States v. Worley*, 94 Fed. Appx. 44 (3d Cir. Mar. 23, 2004).

On July 17, 2004, Brown filed a motion pursuant to Federal Rule of Civil Procedure 60(b), arguing that his sentence is improper under the United State Supreme Court's decision in *Blakely v. Washington*, 124 S.Ct. 2531 (2003). (D.I. 130.) The court informed Brown that, unless he indicated otherwise, it would treat the Rule 60(b) motion as a motion to vacate, set aside, or correct his sentence filed pursuant to 28 U.S.C. § 2255. (D.I. 131.) Brown elected to have the court review the motion as a § 2255 motion, and the Government filed its response. (D.I. 132; D.I. 135.) Brown's § 2255 motion is ready for review.

1

## III.   DISCUSSION

Pursuant to 28 U.S.C. § 2255:

> A prisoner in custody under sentence of a [federal] court . . . claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the Untied States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

A federal court may deny a § 2255 motion without holding an evidentiary hearing if the "motion and the files and records of the case conclusively show" that the petitioner is not entitled to relief. 28 U.S.C. § 2255; *see also United States v. Booth*, 432 F.3d 542, 545-46 (3d Cir. 2005); *United States v. McCoy*, 410 F.3d 124, 131 (3d Cir. 2005); Rule 8(a), 28 U.S.C. foll. § 2255.

Brown's § 2255 motion asserts only one claim, namely, that his sentence violates *Blakely v. Washington*, 542 U.S. 296 (2004) because the court applied sentencing enhancements on facts not specifically found by the jury. Although Brown cites *Blakely* as the relevant authority, the issue he raises challenges the court's application of the federal sentencing guidelines and is more appropriately raised pursuant to *United States v. Booker,* 543 U.S. 220 (2005). *See Lloyd v. United States*, 407 F.3d 608, 611 (3d Cir. 2005). As a result, the court will review the claim pursuant to *Booker*.

The Third Circuit Court of Appeals has held that "*Booker* does not apply retroactively to initial motions under § 2255 where the judgment was final as of January 12, 2005, the date *Booker* was issued." *Lloyd*, 407 F.3d at 616. Here, the record conclusively shows that Brown's judgment of conviction became final on June 22, 2004, well before the *Booker* decision was

2

issued.[1] Accordingly, the court will deny Brown's § 2255 motion because *Booker* is inapplicable to his case.

## IV. CONCLUSION

For the reasons stated, the court has concluded that it must dismiss Brown's 28 U.S.C. § 2255 motion to vacate, set aside, or correct sentence. Additionally, the court will not issue a certificate of appealability because Brown's § 2255 motion fails to assert a constitutional claim that can be redressed, and reasonable jurists would not find this assessment debatable. *See* 28 U.S.C. § 2253(c)(2)(A certificate of appealability is appropriate only if the petitioner "has made a substantial showing of the denial of a constitutional right."); *Slack v. McDaniel,* 529 U.S. 473, 484 (2000); Fed. R. App. P. 22; Local App. R. 22.2. The court shall issue an appropriate order.

---

[1] Brown was sentenced in 2002. However, the court did not sentence his co-defendant, Bonita Worley, until April 2003, and his appeal remained pending until 2003 because the Third Circuit consolidated their appeals. The Third Circuit affirmed Brown's conviction and sentence on March 23, 2004, and he did not file a petition for a writ of certiorari. Therefore, his conviction became final for the purpose of a § 2255 motion 90-days later. *See Kapral v. United States,* 166 F.2d 565, 577 (3d Cir. 1999)(if a defendant appeals his conviction but does not seek certiorari review, "a judgment of conviction becomes final within the meaning of § 2255 . . . on the date on which the defendant's time for filing a timely petition for certiorari review expires.").

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DAVID H. BROWN, II, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Civ. A. No. 04-1209-GMS |
| | ) Cr. A. No. 01-65-1-GMS |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

**ORDER**

For the reasons set forth in the Memorandum Opinion issued in this action today, IT IS HEREBY ORDERED that:

    1.    Petitioner David H. Brown, II"s motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 is DISMISSED, and the relief requested therein is DENIED. (D.I. 130.)

    2.    The Court declines to issue a certificate of appealability because Brown has failed to satisfy the standards set forth in 28 U.S.C. § 2253(c)(2).

Dec. 4, 2006
Wilmington, Delaware

UNITED STATES DISTRICT JUDGE



FILED

DEC - 6 2006

U.S. DISTRICT COURT
DISTRICT OF DELAWARE